## STAFFORD, ESTATE OF, IN RE

Ohio Appeals, 2nd Dist, Shelby Co

No 86. Decided Jan 6, 1933

H. E. Beery for P. L. Stafford, plaintiff in error.

H. H. Needles, Sidney, for defendants in error.

KUNKLE, J.

The errors complained of in the petition in error are as follows:

"1. The court erred in the exclusion of evidence offered by the said P. L. Stafford.

plaintiff in error.

"2. The court erred in the admission of evidence offered by the defendants in error over the objections and exceptions of plaintiff in error.

"3. The court erred in refusing to permit the withdrawal of the first account and in refusing to allow the inventory to be amended.

"4. The finding of the court is contrary to law and the manifest weight of evidence.

"5. The court erred in making a finding of an amount due in said cause which issue was not properly before the court at the time of trial and which finding was contrary to the weight of evidence.

"6. The court erred in finding the amount due as the jurisdiction of the Common Pleas Court was derived from the Probate Court and the Probate Court is without jurisdiction to adjudicate disputed claims for the reason that the Probate Court is a court of limited jurisdiction and the Common Pleas Court gets its jurisdiction by certification from the Probate Court and its jurisdiction is also limited in the same manner as the Probate Court and its jurisdiction to determine an amount due could only be on an original action in the Common Pleas Court.

"7. The court erred in overruling plaintiff in error's motion for a new trial on grounds stated in said motion.

"8. For all other errors apparent upon the face of the record.

"All of the foregoing errors are prejudicial to the rights of plaintiff in error and were excepted to at the time."

Counsel have favored the court with very exhaustive briefs in which the evidence is discussed to some extent and various authorities are cited. We have considered these briefs and have also read with care the record containing these various transactions of the administrator. We shall not attempt to quote in detail from the testimony, as to do so with effect would require a repetition of substantially all of the testimony. We shall merely announce the conclusion at which we have arrived after a consideration of the record, the briefs of counsel and the decision of Judge Copeland of the Common Pleas Court who sat in this case, a copy of which decision is found on pages 14 et seq., of the brief of defendants in error.

The grounds of error chiefly urged by counsel for plaintiff in error in their brief relate to assignments numbered 4, 5 and 6, but referring briefly to the other assignments of error, we are clearly of opinion that the record contains no prejudicial error in reference to the admission or rejection of testimony.

We find no prejudicial error in the trial court in refusing to permit the administrator to withdraw his first account as such administrator which he had filed in the court, nor in refusing the administrator, after the lapse of time which had ensued, permission to amend the inventory previously filed and to order a reappraisement. These were matters of record in the Probate Court and had so stood for many months and were the voluntary act of the administrator and, as above stated, we find no prejudicial error in the trial court in refusing to allow their withdrawal at the time the request was made.

We are clear that the trial court did not err in removing this administrator. The trial court, in its opinion, referred to the conduct of this administrator in the handling of the affairs of this estate in somewhat uncomplimentary terms. We do not find it necessary to so characterize his conduct, but are clearly of opinion that his management of the estate was such as warranted the trial court in removing him as such administrator.

Serious complaint is also made by counsel for plaintiff in error that the trial court erred in allowing no compensation to the administrator for the services which he performed. It would be necessary for this court to find that the trial court had abused its discretion in refusing such allowance before we could modify the ruling of the trial court in this respect. From a consideration of the record, we would not feel warranted in holding that the trial court had abused its discretion in refusing compensation to the administrator because of the manner in which he handled the affairs of this estate.

Plaintiff in error also complain seriously of the trial court making a finding in the sum of $5876.55 as the amount due by him as such administrator to the said estate. It appears from the inventory filed by said administrator that he charged himself with $8100 in Certificates of Deposit and other items totalling $8975.34. The amount found due the estate from said administrator, as above stated, was $5876.55. The trial court did not pass upon certain exceptions to this account, but left those for determination in the manner provided by law. Most of the assets of this estate consisted of Certificates of Deposit in the First Mutual

Savings and Loan Company of Sidney. P. L. Stafford, the administrator, was secretary of the First Mutual Savings and Loan Company from the time of its organization until shortly before the trial in this case, and as such secretary had possession of the Certificates of Deposit and the notes for which these Certificates of Deposit were used as collateral security. The deceased, James F. Stafford, was an uncle of P. L. Stafford, and the manner in which P. L. Stafford handled these Certificates of Deposit for his own benefit is clearly and unfavorably set forth in his own testimony contained in the record.

The trial court, as disclosed by the entry, found that the said administrator, prior to the date of his appointment, was indebted to the said James F. Stafford in the sum of $4400, by reason of having received the proceeds of twelve Certificates of Deposit, naming such Certificates by number, etc.; that prior to the date of his appointment said Stafford as Administrator of said estate was indebted to the said James F. Stafford in the sum of $141.84 by reason of having received the proceeds of Pass Book No. 31; that the said P. L. Stafford also received the proceeds of Certificates of Deposit No. 4 for $100 in cash; the proceeds of Certificate No. 216 for $100 in cash; the proceeds of an insurance policy of $1000 in cash and the trial court also charges the administrator with various notes, interest, etc., amounting to $1098.34, making a total of $6840.18, and finds him entitled to certain credits totalling $963.65; leaving a balance of $5876.55, which the court finds as the amount due in cash from said administrator to said estate after the allowance of all proper charges and vouchers. Of this amount the court finds $4541.44 was his indebtedness to the deceased at the time he was appointed administrator and is therefore controlled by §10502-67 G.C. This leaves certain other features included in the objections to the accounts for future determination.

From our consideration of the record, we cannot escape the conclusion but that the plaintiff in error has not been prejudiced by the finding as made by the trial court. The only question that plaintiff in error can raise in this proceeding relates to the findings as actually made by the trial court. The failure of the trial court to make any finding as to certain other items in the account which the administrator filed does not constitute prejudicial error. When the questions raised by such objections are adjudicated, the plaintiff in error may be satisfied with the disposition made thereof.

Counsel for defendants in error insist that this court render a final judgment for the full amount claimed by defendants in error. This case is not in this court on appeal, but is here upon a proceeding in error filed by plaintiff in error as against the final orders as actually made by the trial court, and this court therefore would not be warranted in making a finding as suggested by counsel for defendants in error. We do not find the account of said administrator among the papers sent us but as counsel agree as to its having been filed and the contents thereof we have assumed that the same was as stated in the briefs of counsel. We have considered all the errors urged by counsel for plaintiffs in error in their brief and from a consideration of the record are of opinion that none of the grounds of error urged by counsel for plaintiff in error are well taken or would warrant this court in disturbing any of the findings made by the lower court. Such findings will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.